# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARMEN ORTIZ and ALBERT CRUZ, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 14-cv-9634 |
| ) | |
| TARGET CORPORATION, ) | Judge Sharon Johnson Coleman |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Carmen Ortiz and her husband Albert Cruz filed a complaint against Target Corporation, asserting a claim of negligence and loss of consortium, respectively, arising out of injuries Ortiz sustained after slipping and falling in a Target store. Target now moves for summary judgment, arguing that Ortiz has failed to put forth evidence to make out her prima facie case. The Court grants the motion.

**Background**

Carmen Oritz went to the Target store located at 7100 South Cicero Avenue in Chicago sometime between 2:00pm and 3:30pm on Thursday, June 13, 2013, accompanied by her daughter and granddaughter. Dkt. 48[1] ¶¶ 6, 10. After stopping by the pharmacy section of the store, Ortiz went into the shampoo aisle. *Id.* ¶ 12-13. Ortiz was in the shampoo aisle for approximately five minutes before she stepped in a puddle of water, slipped, and fell. *Id.* ¶¶ 16, 22. Ortiz did not see how the water came to be on the floor, nor does she know where the water came from. *Id.* ¶¶ 25-26. Both Ortiz and her daughter described the puddle that Ortiz slipped in as "dirty" and Ortiz's

---

[1] Paragraph numbers for citations to Dkt. 48 refer to Ortiz's "Response to Defendant Target Corporation's Local Rule 56.1(a) Statement . . .", which begins at page 2 of the document.

daughter testified that the water had tracks in it, as though people had stepped through it. *Id.* ¶¶ 34-35.

Target employee Joseph Leal testified that the store was not generally busy on Thursday afternoons and that he does not recall it being busy the particular Thursday afternoon when Ortiz fell. *Id.* ¶ 11.[2] Leal also testified that one job duty of salespersons like himself is to be aware of his surroundings and what is on the floor, and to pick up any trash and address any spills observed when walking around the store. Dkt. 44-3 at 4, 10.

**Legal Standard**

Summary judgment is appropriate if the evidence shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party seeking summary judgment has the "initial responsibility" to show that there is no genuine issue of material fact, *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986), but the Court must view all facts and make all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The Court may enter summary judgment only if the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 692 (7th Cir. 2000).

**Discussion**

"To recover on a negligence claim, the plaintiff must establish the existence of a duty owed by the defendant, a breach of that duty, and an injury proximately resulting from that breach." *Pavlik v. Wal–Mart Stores, Inc.,* 323 Ill.App.3d 1060, 1063 (2001). "If the plaintiff cannot establish an element of her cause of action, summary judgment for the defendant is proper." *Id.*

---

[2] Ortiz disputes the fact that the store was not particularly busy when Ortiz fell by citing to a portion of the record in which Leal states the shampoo aisle was a "high traffic aisle." That the shampoo aisle was in a high traffic area as compared to other parts of the store does not refute Leal's testimony that the store was not particularly busy when Ortiz fell as compared to other times of the day or week. Because Ortiz does not offer evidence that actually controverts Leal's testimony that the store was not particularly busy, the Court will consider the fact undisputed. Fed. R. Civ. P. 56(e)(2).

Because Ortiz was Target's business invitee, Target owed Ortiz a duty of reasonable care. *Marshall v. Burger King Corp.,* 222 Ill.2d 422, 437 (2006). "A business owner breaches its duty to an invitee who slips on a foreign substance if (1) the substance was there by the negligence of the proprietor or (2) its servant knew of its presence, or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e. the proprietor had constructive notice of the substance." *Pavlik,* 323 Ill.App.3d at 1063 (internal quotations and alterations omitted).

The parties dispute whether there is evidence in the record to support a reasonable inference that Target had constructive notice of the spill. There is no bright-line rule as to how much time must pass before a defendant is deemed to have constructive notice of a spill. *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 483 (7th Cir. 2008). Rather, courts must "look to the circumstances of the particular case." *Id.* Because constructive notice is part of a plaintiff's prima facie case, it is the plaintiff's burden to put forth some evidence demonstrating the length of time that passed between the spill and the resulting injury. "Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice." *Id.* at 482.

Here, Ortiz has established that the puddle of water she slipped in existed for at least five minutes, as she testified she was in the aisle for that period of time before falling and did not see how the water came to be on the floor while there. Based on her and her daughter's testimony that the water was dirty and there were cart and footprints leading away from the puddle, Ortiz argues that a reasonable jury could infer the water had been on the floor for at least thirty minutes. The Court does not agree. It is equally plausible that a customer stepped in or rolled a cart through the puddle moments before Ortiz entered the aisle as it is that the puddle was there for a lengthy period of time. And, there is nothing in the record to aid a factfinder in estimating how much time passed between when the puddle came into existence and when Ortiz entered the aisle. It would therefore

be unreasonable for a factfinder to arbitrarily determine the puddle had been on the floor for much longer than five minutes.

As a result, the question becomes whether approximately five minutes is sufficient to establish constructive notice in this particular case. In *Reid*, the Seventh Circuit held that ten minutes was not sufficient to give a retail store constructive notice of a spill during a time of light to moderate customer traffic. Here, Leal provided testimony that the store was not particularly busy when Ortiz fell. Furthermore, Ortiz has not presented evidence of some other circumstance that suggests Target employees should have been doing something more than their routine practice of looking out for spills as they walk around the store. Nor has Ortiz presented evidence from which one could reasonably infer that the Target employees on the floor the day Ortiz fell failed to abide by the company's policy of looking out for and promptly addressing spills. On these facts, it would be unreasonable to conclude that a few minutes was enough time to give Target constructive notice of the puddle. In sum, even when viewing the evidence in the light most favorable to the plaintiff, Ortiz's argument as to breach of duty is based on pure speculation. This is insufficient to survive summary judgment.

**Conclusion**

Ortiz has failed to meet her burden of presenting evidence that establishes her prima facie case. Accordingly, the Court grants Defendants' motion for summary judgment [43].

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED:  July 14, 2016

4